# J. C. Bliem et al. *v.* Henry D. Schultz et al., Appellants.

*Equity—Practice—Costs—Discretion of court—Church law.*

In an equity suit between contending factions in a church congregation where it appears that the church corporation was a party defendant, and that the other defendants, who were the officers of the church and supported by a majority of the congregation, made a defense in good faith, the court in entering a decree in favor of the plaintiffs may impose all of the costs upon the corporation. Krecker v. Shirey, 163 Pa. 534, followed.

*Church law—Title to moneys collected—Equity.*

Where the officers and majority of a congregation adhere in good faith to a pastor who is subsequently declared by a court of equity not to be entitled to the office of pastor, the officers will not be required to account to the legal pastor for the moneys received by them as voluntary contributions for the support of the pastor to whom they adhered. They must, however, account for the contributions and collections for general purposes of the church corporation such as missionary, educational funds, etc.

Argued March 11, 1895. Appeal, No. 459, Jan. T., 1894, by defendants, from decree of C. P. Northampton Co., April T.,

1892, No. 2, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Decree affirmed and modified.

Bill in equity to determine the right to possession of the property of the St. John's German Church of the Evangelical Association at Bethlehem, Pennsylvania. Before MAYER, P. J., of the 25th judicial district, specially presiding.

The names of the parties as they stand on the record are as follows:

Rev. J. C. Bliem, pastor, H. T. Ferdinand Mosebach, trustee, Francis Mosebach, John Schwenk, Warren Seem and Robert Michael, stewards, and Christian Shœnberger, William Flickinger, Edward Michael and Henry Yotter, in behalf of themselves and others who may desire to become parties to this bill, v. Rev. Henry D. Schultz, Rev. A. M. Stirk, George Kissling, Levi Snyder, Owen Heller, Edwin Steyers, Henry Yeakle, John Miller, Joel Wiegner, Levi S. Wagner, Henry A. Mosebach, William Mellick, Titus A. Jacoby and Calvin Steyers, [and "The St. John's German Church of the Evangelical Association" of Bethlehem, Pa., a corporation, joining in the answer by leave of court.]

In consequence of the decision of the Supreme Court in Krecker v. Shirey, 163 Pa. 534, upon substantially the same facts as in this case, handed down in October, 1894, after this appeal was taken, the appellants waived all errors except those that are assigned to the scope and form of decree and the imposition of costs.

From the record it appeared that the defendants were the officers of the church and were supported in the contest for the church property by 200 out of 255 members of the congregation. The court found that the plaintiffs were entitled to the possession of the church property and entered a decree in their favor. The portions of the decree material to this report are as follows:

"5. That the defendants, Joel Wiegner, John Miller, Henry A. Mosebach, Levi S. Wagner, Titus A. Jacoby, William Mellick and Calvin J. Steyers, stewards of said congregation, are perpetually enjoined and restrained from paying any collections or church funds to Rev. Henry D. Schultz as pastor or preacher,

and they are ordered and commanded to pay all collections and church money which are, under the discipline and usages of the association payable to the pastor in charge, to Rev. J. C. Bliem and to his successor duly appointed and assigned. . . .

"7. That the defendants, Rev. Henry D. Schultz, Rev. A. M. Stirk, George Kissling, Levi Snyder, Owen Heller, Edwin Steyers, Henry Yeakel, John Miller, Joel Wiegner, Levi S. Wagner, Henry A. Mosebach, William Mellick, Titus A. Jacoby and Calvin Steyers are ordered and directed to pay the costs."

*Errors assigned* among others were (7, 8) portions of decree as above, quoting them.

*F. W. Edgar*, for appellants.—A corporation should be made defendant in any suit affecting its property or franchises : 4 Am. & Eng. Ency. of Law, 283 ; 1 Morawetz on Corp., sec. 257 ; 3 Pomeroy's Eq. Juris. sec. 1094.

In courts of equity costs are in the sound discretion of the chancellor. They do not necessarily fall on the losing party as at law; but are awarded according to the justice of each particular case: Gyger's App., 62 Pa. 73 ; O'Hara's App., 90 Pa. 477 ; act of June 16, 1836, P. L. 763; act of May 20, 1891, P. L. 101 ; Fidelity Co.'s App., 99 Pa. 443.

*Edward Harvey* and *William S. Kirkpatrick, James S. Biery* with them, for appellees.—In suits under the protective and administrative jurisdiction of a court of equity the general principle is that the party requiring aid shall be liable for the cost: Adams' Eq., 389; Biddle's App., 19 W. N. C. 291 ; Clark v. Reed, 11 Pick. 448.

The prevailing party is prima facie entitled to costs ; but the successful party may show circumstances to overthrow this presumption : Beamens on Costs, 187; 2 Daniel's Ch. Pr. (4th Am. ed.) 1148 ; Brightley's Eq. 551; Carpenter v. Railroads, 26 N. J. Eq. 390 ; Burford v. Kuffin, 2 Atk. 113 ; Millington v. Fox, 3 Myl. & C. 338; Vancouver v. Bliss, 11 Ves. Jr. 456 ; Nelson v. Bridport, 10 Beav. 305 ; Bartlett v. Wood, 59 L. J. C. H. 614 ; Ferguson v. Wilson, 12 Jur. 912 ; Scott v. Pascall, 15 Sim. 559; Winebrenner v. Colder, 43 Pa. 244 ; Skilton v. Webster, Brightley's Rep. 203 ; Kalle v. Heft, 154

Pa. 470; Henry v. Dietrich, 84 Pa. 286; act of June 16, 1836, P. L. 763.

Costs in equity are always within the discretion of the chancellor. and it is only where there is a clear abuse of discretion that the Supreme Court will interfere: Grim v. Walbert, 155 Pa. 147; Tomlinson v. Ward, 2 Conn. 396; Jones v. Wadsworth, 4 W. N. C. 514.

It is claimed that this case is controlled by the decree in Krecker v. Shirey, 163 Pa. 534. There the incorporated congregation was made a party defendant. It became a party, not upon its own motion, but in pursuance of the decree of the court upon a demurrer. The corporation defendant there in its corporate capacity directed the course pursued by the individual defendants. No doubt that was the fact that controlled the decree as to costs. Here there was no corporate action.

They only are parties defendant against whom process is prayed, or who are specifically named and described as defendants: Verplanck v. Ins. Co., 2 Paige, 438; Lucas v. Bank, 2 Stew. 280; Green v. McKinney, 6 J. J. Marsh, 193; Mitford & Tyler's Pl. in Eq. 36; Brightley's Eq. Jur. sec. 525, p. 411; Peary v. Wright, 22 Ark. 198; Todd v. Sterrett, 6 J. J. Marsh, (Ky.) 425; Townsend v. Auger, 3 Conn. 354; Adams' Eq. 312; Mechanics' Bank v. Seton, 1 Pet. 299; Story v. Livingston, 13 Pet. 359.

A decree in equity to be supported by a prayer for general relief must be consistent with the case presented by the pleadings and relief specially sought: Building Assn. App., 83 Pa. 441; Del. & Hudson Canal Co. v. Penna. Coal Co., 21 Pa. 131, Thomas v. Ellmaker, 1 Pars. Eq. C. 99.

OPINION BY MR. JUSTICE DEAN, October 7, 1895:

Krecker v. Shirey, 163 Pa. 534, in which our brother WIL-LIAMS in an exhaustive opinion passed finally on every material question raised by this unfortunate litigation, leaves nothing for consideration here on the main question. That opinion practically affirms that of the learned judge of the court below in this case both as to the decree and the reasons therefor. But, subsequently to the first decree in Krecker v. Shirey, supra, we on further reflection concluded it should be modified so far as to impose the costs of the suit upon the church corporation.

This case is the same as Krecker v. Shirey. The master here finds as a fact that these defendants, the officers of St. John's Church, and a majority of the congregation adhered to Mr. Schultz as pastor and made defense to the suit in good faith. This being the fact the costs are in the sound discretion of the court, and we are of opinion they should be imposed on the corporation. We therefore modify the seventh clause of final decree, and order and direct that St. John's German Church of the Evangelical Association at Bethlehem, Pennsylvania, pay the record costs of this appeal; this not to include witness fees.

Further: The fifth clause of the decree enjoins and restrains defendants from paying any collections or church funds to Rev. Schultz as pastor or preacher, and they are ordered to pay all such moneys, which are payable to the pastor, to Rev. J. C. Bliem.

A large majority of the congregation, two hundred out of two hundred and fifty-five members, adhered to the defendant pastor, Mr. Schultz; the minority, nearly fifty in number, withdrew, and under Mr. Bliem formed a separate organization; the contributions of those who adhered to Mr. Schultz, in payment of his salary as pastor, should not, it seem to us, be turned over to plaintiffs; such contributions were voluntary, and for a specific purpose, to which they have been already, since March, 1891, appropriated. This part of the decree is therefore modified so as to affect not such voluntary payments made by defendants to Mr. Schultz as pastor's salary from March, 1891; but as to contributions and collections for general purposes of the church corporation, such as missionary, educational funds, etc., no modification is made. As by the decision in Krecker v. Shirey, supra, the St. John's German Church of the Evangelical Association at Bethlehem is composed of those who adhered to the General Conference which met at Indianapolis in 1891, the plaintiffs are the legal church organization; they alone are entitled to moneys contributed for general church purposes.

The decree made by the learned judge of the court below was framed and suggested by correspondence between him and counsel; he at Lock Haven, they at Easton. Doubtless, if it had been the result of a full hearing as to the form of a decree, it would have taken the shape we have given it. Let the decree be affirmed as modified by this opinion.